BENJAMIN HALL, Jr., Admr., *vs.* FRED W. GREENE.

NEWPORT—JULY 8, 1902.

PRESENT : Stiness, C. J., Rogers and Douglas, JJ.

(1) *Pleading and Practice. Set-off. Executor and Administrator.*

Plaintiff, as administrator, sued defendant in assumpsit for the price of a chattel sold by his intestate. Defendant pleaded in set-off a claim

against the intestate of a character which would have been available in set-off if the action had been brought by intestate in his lifetime. Plaintiff joined issue :—

*Held,* that the claim, not having been presented to the administrator for allowance or rejection as required by statute, could not properly have been allowed in set-off.

*Held,* further, that, by joining issue upon the plea, plaintiff waived his rights to the objection.

*Held,* further, that objection should have been taken by replication to the plea.

(2) *Pleading and Practice. Changing Pleading.*

*Held,* further, that it is too late to change pleadings after a case has been opened to the jury.

ASSUMPSIT. Heard on petition of defendant for new trial, and petition granted.

(1)   DOUGLAS, J. In this case the plaintiff as administrator sued the defendant in assumpsit for the price of a chattel sold by his intestate. Defendant pleaded in set-off a claim against the intestate of a character which would have been available in set-off if the action had been brought by the intestate in his lifetime. To the introduction of evidence in support of this claim the plaintiff objected on the ground that the claim had not been presented to the administrator for allowance or rejection as required by statute. The objection was allowed by the court, the evidence was excluded, and the defendant duly excepted to the ruling and now alleges it as ground for a new trial.

We think the ruling would have been correct if it had been made upon a replication to the plea.

The right of set-off at common law is purely statutory.

The effect of the statute is to allow the trial together of two cross actions between the same parties, and each claim must stand or fall upon its own merits. Our statute does not permit this unless the claim presented in set-off is one which the holder may presently sue in his own name. In the case of mutual claims between an insolvent estate and a creditor or a debtor, as we have recently decided in the case of *Troup* v. *Mechanics National Bank,* J. T. W. No. 1077,[1] set-off takes place by operation of law upon principles of equity, and in-

[1] Reported at end of part.

dependently of the statute, but the considerations which govern in that case have no application to an estate which is solvent.

Upon a similar provision to the one we are considering, the Supreme Court of New Hampshire held that a claim not presented to the administrator could not be allowed in set-off. *Jones* v. *Jones*, 21 N. H. 219.

(2)    We think, however, that by joining issue upon the plea in set-off the plaintiff has waived his rights to the objection.

The defendant's claim, so pleaded, is to all intents and purposes an action against the administrator.    It was prematurely brought, and if the administrator had pleaded the fact must have been abated.    Instead of urging the matter in abatement, he joins issue and goes to trial on the merits of the claim.    The question which came before the court was then one of evidence, and it is not contended that the evidence offered was not pertinent to the issue joined.    It was too late to change the pleadings after the case had been opened to the jury.

New trial granted.

*Clark Burdick*, for plaintiff.

*Frank F. Nolan*, for defendant.